# EXHIBIT 24

# Law Offices of Joseph E. Tomasik

**The Studio Building**
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

July 28, 2004

*Via Facsimile & U.S. Mail:* (888/531-8722)
Raymond Umamoto
USAA Claims
P.O. Box 15506
Sacramento, CA 95852

|   |   |   |
|---|---|---|
| Re: | Claim (policy) No.: | 13311516-7101-5-8234 |
|   | Your Insured: | Carey Caldwell |
|   | Date of Loss: | June 6, 2003 |
|   | Claimant: | Carey Caldwell |

Dear Mr. Umamoto:

Thank you for your letter of July 27, 2004 regarding Ms. Caldwell's X-ray films from Alta Bates Hospital in which you state that "our copy service indicated there were no x-rays at that location available for your client." I called the Alta Bates Radiology Department today [(510)204-1566] and spoke with Tommy, who searched for the August 2, 2003 X-rays and found them. Please have your copy service ask for Tommy when they return to Alta Bates to obtain copies of those films.

Regarding the issue of formal arbitration, we did not request this because we assumed that USAA would complete their evaluation in one or two months, and that they would realize that this is a policy limits case without the need for arbitration. If USAA does not expedite their evaluation and does not tender the policy limits, we will be demanding arbitration. Regarding Ms. Caldwell's financial hardship, you should know that Ms. Caldwell did not receive anywhere near $100,000 of the settlement proceeds, and she has a huge wage loss.

In your July 23, 2004 letter, you state that you "have routed your client's medical bills of $48,206 to our Medical Payments Coverage unit to let them address what they need to do or if they too will wait for the completion of the records review." The only purpose for providing the Blue Cross bill itemization to you was because you had requested them for your evaluation of the underinsured motorist. I did not ask you to submit the bills to your Med Pay unit, and in fact had specifically told both you and the USAA Med Pay adjuster that Ms. Caldwell did not wish to use her Med Pay coverage at this time. Thus, please contact your Med Pay Coverage unit and inform them that Ms. Caldwell is not requesting Med Pay benefits at this time. Thank you very much for your prompt attention to these matters.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

*Joseph Tomasik*

Joseph E. Tomasik

JET/vt

# EXHIBIT 25



USAA CASUALTY INSURANCE COMPANY
P.O. Box 659462, San Antonio, TX  78265

JOSEPH E TOMASIK, ATTNY
THE STUDIO BLDG
2039 SHATTUCK AVE STE 400
BERKELEY CA 94704-0000

August 2, 2004

Policyholder:  Carey T. Caldwell
Reference Number:  13311516-7101-5-8234
Date Of Loss:  June 6, 2003
Loss Location:  Oakland, California
re: Carey Caldwell

Dear Mr. Tomasik:

This letter is in response to your letters dated July 23 and 28
2004. My manager Kathy Brayer has reviewed and agrees with the
following response.

We are unable to accept or reject your demand for policy limits
at this time. The records reviewer has asked to review your
client's x-rays from Stanford Hospital which has been sent to him
recently and from Alta Bates Radiology which our copy service is
getting on a rush basis. We apologize for the minor delay on the
confusion on which Alta Bates location had your client's x-rays.

Once the above is completed we will be able to complete the
evaluation of your client's claim.

We will give you another update by the end of this month.

I understand that you still want to try to resolve this claim
without formal arbitration at this time. If this is not the case
please let me know.

If you believe this claim has been wrongfully declined or
rejected, in whole or in part, or that there is a dispute as to
liability or damages, you have the right to have the matter
reviewed by the California Department of Insurance.  The address
and telephone number are:

13311516 - 5 - CA - 06/06/03 - 8234 - 17 - C200

JOSEPH E TOMASIK, ATTNY          August 2, 2004          Page 2


        California Department of Insurance
        Claims Services Bureau, 11th Floor
        300 South Spring Street
        Los Angeles, CA 90013
        (213) 897-8921 or (800) 927-4357

Sincerely,

Ray Umamoto
Casualty Claims Examiner
USAA Western Regional Office
Phone:  800-531-8222, Extension 46796
Fax Phone:  888-531-8722

# EXHIBIT 26



# FAX COVER LETTER

## RECIPIENT

NAME: Mr. Tomasik

FAX PHONE NO: 1-510-848-0537

## SENDER

NAME: Ray Umamoto

PHONE NO: 800-531-8222, Extension 46796

FAX PHONE NO: 888-531-8722

### IF YOU DO NOT RECEIVE FULL TRANSMISSION, CALL SENDER

### CONFIDENTIALITY NOTICE

The information contained in this facsimile transmission is a CONFIDENTIAL COMMUNICATION and may be protected by one or more legal privileges. It is intended solely for the use of the recipient identified above. If you are not the intended recipient, you are hereby notified that reading, copying, or distributing this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender immediately by telephone, and we will arrange to have the transmission returned at no cost to you.

Thank you.

13311516 - 5 - CA - 06/06/03 - 8234 - 17 - C200



**USAA®**

USAA CASUALTY INSURANCE COMPANY
P.O. Box 659462, San Antonio, TX   78265


JOSEPH E TOMASIK, ATTNY
THE STUDIO BLDG
2039 SHATTUCK AVE STE 400
BERKELEY CA 94704-0000


September 8, 2004

Policyholder:  Carey T. Caldwell
Reference Number:  13311516-7101-5-8234
Date Of Loss:  June 6, 2003
Loss Location:  Oakland, California
re: Carey Caldwell

Dear Mr. Tomasik:

This is to give you a current status of your client's formal
records review. It took our copy service a little longer than
anticipated to get this film from this provider even on a rush
basis. We received one film taken on August 2, 2003 at Alta Bates
Medical Center. They will be issuing a certificate of no other
films in their possession.


This film will be sent off to the records reviewer as a rush.

As requested earlier, if you or your client has any of her hip or
pelvic films in your possession, please forward them to USAA
immediately for our formal review.

It is still understood that we are going to try and resolve this
claim informally. If this has changed please let me know.

We will continue to do all we can to keep your client's
Underinsured Motorist claim current.

If you believe this claim has been wrongfully declined or
rejected, in whole or in part, or that there is a dispute as to
liability or damages, you have the right to have the matter
reviewed by the California Department of Insurance.  The address
and telephone number are:


13311516 - 5 - CA - 06/06/03 - 8234 - 17 - C200

California Department of Insurance
Claims Services Bureau, 11th Floor
300 South Spring Street
Los Angeles, CA 90013
(213) 897-8921 or (800) 927-4357

Sincerely,

Ray Umamoto
Casualty Claims Examiner
USAA Western Regional Office
Phone:  800-531-8222, Extension 46796
Fax Phone:  888-531-8722

13311516 - 5 - CA - 06/06/03 - 8234 - 17 - C200

# EXHIBIT 27

# Law Offices of Joseph E. Tomasik

**The Studio Building**
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

September 8, 2004

*Via Facsimile & U.S. Mail:* (888/531-8722)
Raymond Umamoto
USAA Claims
P.O. Box 15506
Sacramento, CA 95852

| | | |
|---|---|---|
| Re: | Claim (policy) No.: | 13311516-7101-5-8234 |
| | Your Insured: | Carey Caldwell |
| | Date of Loss: | June 6, 2003 |
| | Claimant: | Carey Caldwell |

Dear Mr. Umamoto:

Thank you for your letter of September 8, 2004 regarding Ms. Caldwell's X-ray films from Alta Bates Hospital in which you state that the August 2, 2003 Alta Bates film "*will* be sent off to the records reviewer as a rush." I called the Alta Bates Radiology Department on August 11, 2004, and they informed me that your copy service had picked up a copy of the film earlier that day. It is now almost one month later, and I do not see any plausible reason why USAA still has not sent the film to your records reviewer, especially in light of all of the other numerous delays by USAA in this first party claim.

You also state in your September 8 letter that "As requested earlier, if you or your client has any of her hip or pelvic films in your possession, please forward them to USAA immediately for our formal review." We incurred the time and expense of obtaining copies of all of the films from Ms. Caldwell's medical providers, just as you stated that you were doing many months ago. In my July 9, 2004 letter to you, I specifically requested that you "please let me know at your earliest convenience which X-rays you do not have yet," and based on your July 27 letter requesting only the Alta Bates films, it was my understanding that the only remaining film that USAA needed was the Alta Bates film.

As you know, USAA has a legal obligation to conduct it's own prompt investigation to evaluate their insured's claim in good faith. Ms. Caldwell is not required to incur the time and expense (and risk of loss) of sending you any films that she paid to obtain, and especially those that USAA has already obtained. Nonetheless, in the spirit of cooperation, if USAA has been unable to obtain any other films that your records reviewer needs in order to complete his or her review, please identify the specific films and the reason why you have been unable to obtain them, and I will provide you with our copies of the films that you are missing. Please also inform me whether your records reviewer has all of the other information that he or she needs to perform their review, and please provide me with a time estimate as to when you anticipate responding to our settlement offer. Thank you for your anticipated courtesy and cooperation in this matter.

Very truly yours,

Joseph Tomasik

Joseph E. Tomasik

JET/vt

# EXHIBIT 28

# Law Offices of Joseph E. Tomasik

The Studio Building
2039 Shattuck Ave., Suite 400
Berkeley, California  94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

September 23, 2004

*Via Facsimile & U.S. Mail:* (916)285-2939
Raymond Umamoto
USAA Claims
P.O. Box 15506
Sacramento, CA 95852

|        |                      |                       |
|--------|----------------------|-----------------------|
| Re:    | Claim (policy) No.:  | 13311516-7101-5-8234  |
|        | Your Insured:        | Carey Caldwell        |
|        | Date of Loss:        | June 6, 2003          |
|        | Claimant:            | Carey Caldwell        |

Dear Mr. Umamoto:

I wrote to you on September 8, 2004 requesting that you contact me at your regarding several issues in this claim, but I have not yet received a response to my letter.  Please contact me as soon as possible with a response to the questions I asked in my September 8 letter.  It appears that USAA has decided to delay this claim as long as possible, and force Ms. Caldwell to incur the time and expense of litigating this case through arbitration.

If USAA was not Ms. Caldwell's insurer and this were a third party case, our only recourse for USAA's gross misconduct would be a complaint to the Department of Insurance. However, as you must certainly realize, since USAA is Ms. Caldwell's insurer and she is making a claim under her own policy, USAA is required to treat Ms. Caldwell's interests at least equal to their own, and to work *with* her in a non-adversarial manner to compensate her fairly and promptly for the damages that she has suffered.  Ms. Caldwell is entitled to a response to her settlement demand in this case, and USAA should have provided a response long ago.  California Fair Claims Handling regulations required that USAA accept or deny this claim within 40 days, and USAA has not provided a response to our settlement demand in **over 7 months**.

Ms. Caldwell dutifully paid her premiums to USAA for many years, expecting that if she ever needed the protection that she paid for under her insurance policy, USAA would live up to their legal obligation of investigating and handling her claim promptly, fairly and in good faith. USAA has intentionally and blatantly violated its legal duties, committing bad faith in virtually every manner possible in handling this claim.  It appears as if USAA is practically begging to be hit with punitive damages for their uncooperative and adversarial handling of this claim.  I can only imagine how you would feel if your insurance company treated you (or your mother) like you are treating Ms. Caldwell.  If I do not receive a response to our settlement demand by October 1, 2004, I will assume that USAA does not intend make a reasonable settlement offer in this case.  Thank you for your anticipated courtesy and cooperation in this manner.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

*Joseph Tomasik*

Joseph E. Tomasik

JET/vt
cc: Kathy Brayer

# EXHIBIT 29

USAA®

USAA CASUALTY INSURANCE COMPANY
P.O. Box 659462, San Antonio, TX  78265

JOSEPH E TOMASIK, ATTNY
THE STUDIO BLDG
2039 SHATTUCK AVE STE 400
BERKELEY CA 94704-0000

September 27, 2004

Policyholder:  Carey T. Caldwell
Reference Number:  13311516-7101-5-8234
Date Of Loss:  June 6, 2003
Loss Location:  Oakland, California
re: Carey Caldwell

Dear Mr. Tomasik:

This letter is in response to your letter dated September 8,
2004.

According to our records reviewer he did want to see only Alta
Bates and Stanford Hospital films. He has seen Stanford's and has
in his possession the Alta Bates film. I have checked and
understand his report is due around October 8, 2004.

I understand that the records reviewer asked for the above films
only, so there will be no need to disclose all the films you or
your client possess at this time.

You should have a response to our position on your client's
Underinsured Motorist claim, barring any unforeseen circumstances
in respect that may add to the review time in October.

I understand that we are still working informally on your
client's claim. If this has changed, please let me know for
immediate referral for formal arbitration.

If you believe this claim has been wrongfully declined or
rejected, in whole or in part, or that there is a dispute as to
liability or damages, you have the right to have the matter
reviewed by the California Department of Insurance.  The address
and telephone number are:

13311516 - 5 - CA - 06/06/03 - 8234 - 17 - C200

JOSEPH E TOMASIK, ATTNY          September 27, 2004      Page 2


California Department of Insurance
Claims Services Bureau, 11th Floor
300 South Spring Street
Los Angeles, CA 90013
(213) 897-8921 or (800) 927-4357

Sincerely,

Ray Umamoto
Casualty Claims Examiner
USAA Western Regional Office
Phone:  800-531-8222, Extension 46796
Fax Phone:  888-531-8722

# EXHIBIT 30





USAA®

USAA CASUALTY INSURANCE COMPANY
P.O. Box 659462, San Antonio, TX  78265


JOSEPH E TOMASIK, ATTNY
THE STUDIO BLDG
2039 SHATTUCK AVE STE 400
BERKELEY CA 94704-0000


October 12, 2004

Policyholder:  Carey T. Caldwell
Reference Number:  13311516-7101-5-8234
Date Of Loss:  June 6, 2003
Loss Location:  Oakland, California
re: Carey Caldwell

Dear Mr. Tomasik:

This letter is to inform you of our position on your client's
Underinsured Motorist claim. Our records review is now completed.
We agree with the conclusion that the hip replacement was not
related to this automobile accident.

Given the fact your client received $100,000 for her bodily
injury claim from the tortfeasor's insurance. We believe she has
been more than fully compensated for her accident related
injuries.


If you believe this claim has been wrongfully declined or
rejected, in whole or in part, or that there is a dispute as to
liability or damages, you have the right to have the matter
reviewed by the California Department of Insurance.  The address
and telephone number are:

     California Department of Insurance
     Claims Services Bureau, 11th Floor
     300 South Spring Street
     Los Angeles, CA 90013
     (213) 897-8921 or (800) 927-4357

Sincerely,

Ray Umamoto
Casualty Claims Examiner
USAA Western Regional Office
Phone:  800-531-8222, Extension 46796
Fax Phone:  888-531-8722


13311516 - 5 - CA - 06/06/03 - 8234 - 17 - C200

# EXHIBIT 31

# Law Offices of Joseph E. Tomasik

The Studio Building
2039 Shattuck Ave., Suite 400
Berkeley, California  94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

October 12, 2004

*Via Facsimile & U.S. Mail:* (916)285-2939

Ray Umamoto
USAA Claims
P.O. Box 15506
Sacramento, CA 95852

> Re:    Claim (policy) No.:    13311516-7101-5-8234
> Your Insured:    Carey Caldwell
> Date of Loss:    June 6, 2003
> Claimant:    Carey Caldwell

Dear Mr. Umamoto:

I am responding to your faxed letter that I received this afternoon which states "We agree with the conclusion that the **hip replacement** was not related to this automobile accident." (Emphasis added)  First, it is unclear what you mean by "the conclusion," although I assume you are referring to the conclusion of the doctor who USAA retained to perform the records reviewer for this claim.  More importantly, we never claimed that the hip replacement was related to the subject motorvehicle collision.  Ms. Caldwell had a hip replacement in 1988, and had a hip replacement revision surgery performed about 11 weeks **before** the subject collision.  Obviously these surgeries are not related to the subject collision, so your comment is non-sensical and *completely* misses the point of this claim.  We have claimed that it is more likely than not that the collision was a substantial factor in causing Ms. Caldwell's left hip fracture and the surgery to repair her left femur fracture.  It is unbelievable that after nearly 8 months of evaluating this claim, USAA still does not even understand the basic injuries involved.

Please forward this claim to counsel immediately so we can proceed with binding underinsured motorist arbitration.

Thank you for your anticipated courtesy and cooperation in this manner.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph E. Tomasik

JET/vt

cc: Kathy Brayer

# EXHIBIT 32



### USAA CASUALTY INSURANCE COMPANY
P.O. Box 659462, San Antonio, TX 78265

JOSEPH E TOMASIK, ATTNY
THE STUDIO BLDG
2039 SHATTUCK AVE STE 400
BERKELEY CA 94704-0000

October 13, 2004

Policyholder: Carey T. Caldwell
Reference Number: 13311516-7101-5-8234
Date Of Loss: June 6, 2003
Loss Location: Oakland, California
re: Carey Caldwell

Dear Mr. Tomasik:

This letter is in response to your letter dated October 12, 2004.
You are correct, it was not about the hip replacement history, it
was about the hip injury and the subsequent treatment that was
caused by this accident. I apologize for any miscommunication on
this issue.

I will transfer this file for binding arbitration as you
requested.

If you believe this claim has been wrongfully declined or
rejected, in whole or in part, or that there is a dispute as to
liability or damages, you have the right to have the matter
reviewed by the California Department of Insurance. The address
and telephone number are:

     California Department of Insurance
     Claims Services Bureau, 11th Floor
     300 South Spring Street
     Los Angeles, CA 90013
     (213) 897-8921 or (800) 927-4357

Sincerely,

Ray Umamoto
Casualty Claims Examiner
USAA Western Regional Office
Phone: 800-531-8222, Extension 46796
Fax Phone: 888-531-8722

13311516 - 5 - CA - 06/06/03 - 8234 - 17 - C200

# EXHIBIT 33



USAA CASUALTY INSURANCE COMPANY
P.O. Box 659462, San Antonio, TX  78265


JOSEPH E TOMASIK, ESQ
THE STUDIO BLDG
2039 SHATTUCK AVE STE 400
BERKELEY CA 94704


October 27, 2004

Policyholder: Carey T. Caldwell
Reference Number: 13311516-7101-5-4242
Date Of Loss: June 6, 2003
Loss Location: Oakland, California
Your Client:  Carey Caldwell

Dear Mr Tomasik:

I have taken over the handling of this claim from Ray Umamoto.
Per your request, the file is being mailed out today to the
following defense firm.

                    Law Office of Vince Mclorg
                    One Post St, Suite 3500
                    San Francisco, Ca 94104

Their telephone number is 415 788-1313.  The handling attorney is
Barbara Schafer and her extension is 25.

If you should have any questions, please feel free to contact me.

Sincerely,

Charlton R. Leasure
Litigation Manager
USAA Western Regional Office
Phone:  1-800-531-8222  EXT: 52836
Fax Phone:  1-877-534-5400


13311516 - 5 - CA - 06/06/03 - 4242 - 14 - A200

# EXHIBIT 34

# Law Offices of Joseph E. Tomasik

The Studio Building
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

October 27, 2004

<u>*Via facsimile & U.S. Mail*</u> *(415)788-2926*

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

Re:    Claimant/Your Insured:    Carey T. Caldwell
       Reference Number:         13311516-7101-5-4242
       Date of Loss:             June 6, 2003

Dear Ms. Schafer:

I have been informed by Charlton Leasure of USAA that you have been retained by USAA to handle the above-referenced underinsured motorist claim. The adverse motorist, Gwendolyn Harrison, had a $100,000 motorvehicle policy which was also with USAA, and Frederick Schwartz of your office settled that claim for the policy limits in January, 2004. I have been attempting to settle this claim with former USAA adjuster Ray Umamoto for the last eight months, but have been unsuccessful. If you review the dozens of letters that I have sent to Mr. Umamoto over the past eight months, you will note that I have been less than enamored with Mr. Umamoto's handling of this first party claim. Given this history, I respectfully request that you review the file at your earliest convenience, and that you carefully consider our request to settle for the policy limits (minus any set-offs to which USAA is entitled under Ms. Caldwell's policy). If USAA agrees to tender the policy limits within the next 30 days, I am fairly certain that Ms. Caldwell would agree to release any extra-contractual claims that she might have against USAA.

If USAA is still refuses to tender the policy limits, we hereby request that they provide me with a detailed explanation of the facts, law and policy provisions supporting this decision as soon as possible as required by the California Fair Claims Settlement Practices Regulations. Given that more than eight months have passed since we submitted our demand package, and given that your office has already thoroughly investigated this claim, if USAA will not be tendering the policy limits, I request that you contact me regarding acceptable arbitrators and the earliest possible arbitration date. Thank you very much for your anticipated courtesy and cooperation, and I look forward to working with you to resolve this claim in an amicable manner.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph E. Tomasik

Joseph E. Tomasik

JET:vt

Board of Governors, Alameda/Contra Costa Trial Lawyers Assoc. · Consumer Attorneys of California, ATLA

# EXHIBIT 35

# Law Offices of Joseph E. Tomasik

**The Studio Building**
2039 Shattuck Ave., Suite 400
Berkeley, California  94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

November 9, 2004

_Via facsimile & U.S. Mail_: (415)788-2926

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

| | | |
|---|---|---|
| Re: | Claimant/Your Insured: | Carey T. Caldwell |
| | Reference Number: | 13311516-7101-5-4242 |
| | Date of Loss: | June 6, 2003 |

Dear Ms. Schafer:

Thank you for your telephone voicemail message of November 5, 2004 stating that you had received my letter of October 27, 2004, and that you were in the process of obtaining the underlying file and reviewing the medical records.  I would greatly appreciate it if you would provide me with an estimated time frame as to when you believe that you will be able to provide a response to our policy limits demand.  Ms. Caldwell is extremely distraught that it not only took USAA (her own insurance company) nearly eight months to evaluate her UIM claim, but after all of that time, the CSAA adjuster still could not accurately characterize her injuries in the letter denying her claim.  Although Fritz Schwartz took his time in conducting his extremely thorough investigation of the third party case, his handling of that case was far more diligent and professional than USAA's handling of the first party UIM claim.  If USAA will be persisting in it's refusal to make any settlement offer whatsoever for the UIM claim, Ms. Caldwell would like to know that as soon as possible so that we can proceed to binding arbitration without any further delay.

Thank you very much for your anticipated courtesy and cooperation in this matter.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph Tomasik

Joseph E. Tomasik

JET:vt

# EXHIBIT 36

LAW OFFICES OF
# VINCENT B. McLORG
USAA GENERAL COUNSEL DEPARTMENT
ONE POST STREET • SUITE 3500
SAN FRANCISCO, CALIFORNIA 94104-5239
(415) 788-1313
FAX (415) 788-2926

December 13, 2004

Joseph E. Tomasik, Esq.
LAW OFFICES OF JOSEPH E. TOMASIK
2039 Shattuck Avenue, Suite 400
Berkeley, CA 94704

> Re:   *Caldwell/USAA UM/UIM Motorist Claim*
>        County,
>        Case No.

Dear Mr. Tomasik:

I have sent your client's X-rays off for review. In reviewing the file, I did not see documentation as it pertains to Ms. Caldwell's loss of earnings from her job as a Curator at the Oakland Museum. I note in your letter of October 3, 2003, you indicate that you did not have documentation yet but felt that she had lost substantial wage since the accident. Could you please send me documentation to support her wage claim including a pay stub and perhaps an itemization of the time missed or any other letters from employers etc. that you may have.

I look forward to hearing from you. Thank you.

Very truly yours,

BARBARA B. SCHAFER

BBS/ad

# EXHIBIT 37

# Law Offices of Joseph E. Tomasik

**The Studio Building**
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

December 14, 2004

*Via facsimile & U.S. Mail:* (415)788-2926

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

|      | Claimant/Your Insured: | Carey T. Caldwell |
|------|------------------------|-------------------|
| Re:  | Reference Number:      | 13311516-7101-5-4242 |
|      | Date of Loss:          | June 6, 2003 |

Dear Ms. Schafer:

In our telephone conversation of December 1, 2004, you stated that you would be sending Ms. Caldwell's X-rays to radiologist William Hoddick for review. You stated that if Dr. Hoddick was able to observe the trochanter ring fracture that my consulting radiologist discovered in Ms. Caldwell's left hip, you anticipated that USAA would then tender the $300,000 policy limits, minus the $100,000 set-off for the third party settlement. Given that we sent our settlement package to USAA nearly *10 months* ago, if you have not heard from Dr. Hoddick, Ms. Caldwell would greatly appreciate if you would follow up with him and request that he expedite his review.

Even if Dr. Hoddick is not able to see the trochanter ring fracture, we still believe that this is clearly a policy limits case. As I have noted many times to the USAA adjuster, there is no persuasive evidence that Ms. Caldwell sustained her femur fracture in any fall, and even if she had, her leg was giving out on her due to pain and weakness caused by the June 6, 2003 collision. Any way you look at it, it is clear that the collision was a substantial factor in necessitating Ms. Caldwell's femur surgery, and Ms. Caldwell's past damages alone exceed the $300,000 policy limits. The fact that Ms. Caldwell still has significant problems with her left leg and hip due to the collision makes her total past and future damages far in excess of the policy limits.

I have discussed this claim with Michael Bidart of Shernoff, Bidart & Darras, who as you probably know is the pre-eminent insurance law firm in the country. Several years ago I *settled* a UIM claim with State Farm for the $100,000 policy limits, and Mr. Bidart and I subsequently settled the bad faith case (based on State Farm's delay in tendering the policy limits) for far more than the compensatory damages. Both Mr. Bidart and I feel that USAA's conduct in Ms. Caldwell's claim is even more egregious than State Farm's conduct, and that if USAA forces this case to arbitration, they face a huge exposure in extra-contractual damages. If USAA does not tender the policy limits (minus setoffs) by December 22, 2004, Ms. Caldwell will be filing a motion to compel UIM arbitration. If you have any questions or comments regarding this claim, please do not hesitate to contact me.

*Board of Governors Association/Consumer Attorneys Association · Consumer Attorneys of California, ATLA*

Barbara Schafer, Esq.
December 14, 2004
Page 2

Thank you very much for your attention to this matter.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph E. Tomasik

JET:vt

# EXHIBIT 38

LAW OFFICES OF
# VINCENT B. McLORG
USAA GENERAL COUNSEL DEPARTMENT
ONE POST STREET • SUITE 3500
SAN FRANCISCO, CALIFORNIA 94104-5239
(415) 788-1313
FAX (415) 788-2926

December 15, 2004

Joseph E. Tomasik, Esq.
LAW OFFICES OF JOSEPH E. TOMASIK
2039 Shattuck Avenue, Suite 400
Berkeley, CA 94704

Re:    *Caldwell/USAA UM/UIM Motorist Claim*
       County.
       Case No.

Dear Mr. Tomasik:

I am receipt of your correspondence of December 14, 2004, and have forwarded it onto the Litigation Manager at USAA, Charlton Leasure. I wanted to clarify a few things that you address therein. During our phone conversation, I indicated to you that I was reviewing all of your client's numerous medical records and intended to send her X-rays to a Radiologist for review before I could make an informed decision and recommendation regarding paying the remaining UIM policy limits. I never meant to indicate that if certain findings were confirmed on X-ray (namely a Trochanter fracture), it would automatically result in USAA tendering the policy limits. I recall mentioning several factors, that if all present, may well justify payment of the policy. You and I discussed the fact that the femur fracture was not seen on X-ray in June and I wanted to know why. You said that your consulting radiologist found a Trochanter fx that was apparently not originally identified on early X-rays taken in June. I asked you if he felt it was caused by the accident or if he had an opinion whether this could perhaps lead to or contribute to the femur fx. As I understood you, you said you did not know the answer to these questions but felt regardless, the Trochanter fx would explain her pain and weakness and ultimate "giving out" of the left leg.

Ms. Caldwell's X-ray films were in fact located and sent out already. However, I did hear from Dr. Hoddick and he has indicated that there were no initial films from Alameda Hospital taken on the date of loss (only the report), or films from August 3rd from Alta Bates. Do you have copies of these films, and if so, can you please let me know and forward them to me so that I can get them to Dr. Hoddick for review? I have enclosed a medical authorization incase you do not have these requested films.

I realize that you sent your demand package to USAA in the underlying case several months ago. This is not an easy straight forward case as I see it by any means. As you know, your client has an extensive medical history involving her left hip, including 2 surgeries pre dating the loss of June 6, 2003. She had a significant amount of prior medical treatment related thereto, including numerous X-rays. The femur fracture that was repaired in August 2003 did not show up on X-rays until 2 months post accident. Her own treating physician post accident made notations in his records that were difficult to interpret and created questions as to the issue of causation of the femur fx.

LAW OFFICES OF
# VINCENT B. McLORG
USAA GENERAL COUNSEL DEPARTMENT

Joseph E. Tomasik, Esq.
Re: Caldwell/USAA UM/UIM Motorist Claim
December 15, 2004
Page 2

      If I understood our phone conversation correctly, it is your position that even if the femur fracture was the result of a fall post accident and not the accident itself, it is still causally related, as the only reason that she fell was the weakening of the leg due to the accident and not due to the hip revision surgery, a missed step, intoxication or anything else. I note from the records that Ms. Caldwell has a history of alcoholism and depression.

      The underlying policy was paid out without any documentation of the loss of earnings. As I indicated in my letter to you of December 13, 2004, I need her loss of earnings documents from you to properly evaluate her UIM claim. In her deposition Ms. Caldwell testified that she was earning a $78,000 salary per year. However, she was not able to state how much time she missed with any specificity. I do have the pay stub from her employer but no proof of the time off or earnings lost.

      Regarding your settlement of the bad faith claim with State Farm, it is unfortunate that they perhaps did not handle that case fairly and promptly. I assure you that this is not the situation in this case. USAA did an initial thorough investigation of her claim and ultimately agreed to pay the policy limits in that case. You have now made a separate demand under the UIM policy for an additional $200,000. USAA has not only a duty to its members, but the right to thoroughly investigate every claim in order to make a proper and sound evaluation.

      As I mentioned in my telephone call with you, I would like to mediate the case. If you are not interested in mediation, please let me know. In your letter you indicate that Ms. Caldwell will be "filing a motion to compel UIM arbitration" if the policy is not paid (minus setoffs) by December 22, 2004. A Motion to Compel is not necessary as I have already acknowledged your demand for binding arbitration. Now all we need to do is agree on an Arbitrator and a date convenient for all parties, including experts if need be. I would be willing to use Ralph Bastian, Gary Johnson, or Dan Kelly as an Arbitrator. Please let me know if you are agreeable to any of them, and if not, please provide me with alternative choices. Your office can contact my assistant Annamarie Davis in my absence over the holiday if need be to give her dates you are available in the New Year for mediation and or arbitration.

      Considering that the films were only just received by Dr. Hoddick and that some important films are missing, I am not able to give you an answer regarding the remaining policy. Please let Annamarie know about those missing films as soon as possible as I will be out of the country and unable to communicate with my office from December 24, 2004 through January 7, 2005. She will be sure that they are forwarded to Dr. Hoddick.

      I look forward to hearing from you.

Very truly yours,

Barbara Schafer

BBS/wga
cc: Charlton Leasure USAA

# EXHIBIT 39

# Law Offices of Joseph E. Tomasik

The Studio Building
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

January 3, 2005

*Via facsimile & U.S. Mail*: (415)788-2926

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

Re:    Claimant/Your Insured:      Carey T. Caldwell
        Reference Number:         13311516-7101-5-4242
        Date of Loss:              June 6, 2003

Dear Ms. Schafer:

     I am responding to your December 15, 2004 letter in which you state that you need to obtain the June 6, 2003 X-rays from Alameda Hospital and the August 2, 2003 X-rays from Alta Bates Hospital. It is my understanding that the USAA adjuster, Ray Umamoto, had obtained both of these sets of X-rays. I have copies of the June 6, 2003 Alameda Hospital X-rays, but I would prefer not to give up our copies of these X-rays out of concern that they might get lost, so I request that you first determine if Mr. Umamoto has them. If he does not and Alameda Hospital does not, I am willing to have a copy service copy my set of those X-rays. Regarding the August 2, 2004 films, Mr. Umamoto initially claimed that he was unable to obtain them from Alta Bates (even though the Radiology Department informed me that the X-rays were definitely there), but it is my understanding that Mr. Umamoto eventually was able to obtain them. In addition, I do not see how the Alta Bates films are even relevant, since there does not appear to be any dispute that the femur fracture was present in the August 2, 2003 X-rays. I have enclosed the signed Authorization For The Release of Health Care Information that you requested we provide.

     Since Ms. Caldwell has nearly $180,000 in economic damages alone as well as residual long-term left hip and leg problems, we feel that her damages far exceed the policy limits. Nonetheless, if USAA made a settlement offer somewhere close to the remaining $200,000 policy limits in the very near future, I believe that Ms. Caldwell would give strong consideration to such an offer. Generally I am an ardent supporter of mediation, but since Ms. Caldwell's damages clearly far exceed the policy limits, mediating this claim does not make much sense to me.

     In regard to your suggestion that we use San Francisco attorneys to arbitrate this case, since Ms. Caldwell resides in Alameda County, we should use an arbitrator from Alameda County. I suggest that we use a retired Alameda County judge such as Hon. Michael Belachey or Hon. Richard Hodge. Please let me know if either of these two retired judges are acceptable to you. Regarding dates for the arbitration, my calendar is mostly clear the last week in January and the first week in February, 2005. I hope that you enjoyed your holiday trip out of the country.

Board of Governors: Alameda/Contra Costa Trial Lawyers Assoc. · Consumer Attorneys of California, ATLA

Barbara Schafer, Esq.
January 3, 2005
Page 2

Thank you very much for your attention to this matter.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph E. Tomasik

JET:vt

# AUTHORIZATION FOR THE RELEASE OF HEALTH CARE INFORMATION

I, CAREY T. CALDWELL hereby authorize:

ALAMEDA HOSPITAL
ALTA BATES MEDICAL CENTER

to release and furnish to:
BARBARA SCHAFER ESQ/USAA
LAW OFF ICE OF VINCENT MCLORG 1 Post Street Suite 3500 San Francisco, CA  94104

the following:

    X-RAY REPORTS AND X-RAYS, MRI FILMS, CT SCANS

ALTAL BATES X-RAY LEFT HIP TAKEN   8/2/03
ALAMEDA HOSPITAL X-RAY LEFT HIP TAKEN   6/6/03

DATED: 12/29/04
A COPY OF THIS AUTHORIZATION IS AS
VALID AS THE ORIGINAL

Copy given to the signator        (Yes)     No

Signature   *Carey T. Caldwell*
Print Name  Carey T. Caldwell
Date of Birth:
7/24/54     *7/24/54*
Social Security
#: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     *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*

# EXHIBIT 40

# Law Offices of Joseph E. Tomasik

**The Studio Building**
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

January 18, 2005

*Via facsimile & U.S. Mail*: (415)788-2926

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

Re:     Claimant/Your Insured:      Carey T. Caldwell
        Reference Number:           13311516-7101-5-4242
        Date of Loss:               June 6, 2003

Dear Ms. Schafer:

    I presume that by now you have located the X-rays that you need for Dr. Hoddick to perform his review. If not, please update me on whether you need any X-rays from me, and when you expect to receive Dr. Hoddick's opinion. In addition, please contact me at your earliest convenience regarding my suggestions for arbitrators for this matter so we can proceed to arbitration as quickly as possible. Ms. Caldwell has been *more* than patient in this matter as the one year anniversary of this claim approaches, so we look forward to hearing from you in the near future.

    Thank you very much for your anticipated courtesy and cooperation in this matter.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph Tomasik

Joseph E. Tomasik

JET:vt

# EXHIBIT 41

1  Joseph E. Tomasik, Esq.  (State Bar No. 133881)
   LAW OFFICES OF JOSEPH E. TOMASIK
2  The Studio Building
   2039 Shattuck Avenue, Suite 400
3  Berkeley, CA 94704
   Telephone:  (510) 848-0500
4  Facsimile:  (510) 848-0537

5  Attorney for Petitioner Carey T. Caldwell

F I L E D
ALAMEDA COUNTY

MAR 0 9 2005

CLERK OF THE SUPERIOR COURT
By_____
                    Deputy

6

7

8              SUPERIOR COURT OF CALIFORNIA
          COUNTY OF ALAMEDA - UNLIMITED JURISDICTION

9

10        IN THE UNDERINSURED MOTORIST MATTER BETWEEN

11  CAREY T. CALDWELL,                CASE NO.: RG05 202 011

12                  Petitioner,       PETITION TO APPOINT AN
                                      ARBITRATOR
13      vs.

14  USAA CASUALTY INSURANCE COMPANY   Date: 4/11/05        , 2005
                                      Time: 9:00
15                  Respondent.       Department: 31
   _____/

16

17     TO RESPONDENT USAA CASUALTY INSURANCE COMPANY, AND ITS

   ATTORNEY(S) OF RECORD:
18
       COMES NOW THE PETITIONER, Carey T. Caldwell, on _____, 2005 at
19
   _____ in Department _____ of the Alameda County Superior Court located at 201 13th
20
   Street, Oakland, California.  Petitioner hereby moves the Court for an Order Appointing an
21
   Arbitrator.  Said Petition will be based on this Petition, the attached Statement of Facts and
22
   Memorandum of Points and Authorities, the attached Declaration of Joseph E. Tomasik, and such
23
   other and further documents and argument as the Court may entertain.
24

25  Dated: March 9, 2005           LAW OFFICES OF JOSEPH E. TOMASIK

26                            By: _Joseph Tomasik_____
                                  JOSEPH E. TOMASIK
27                                Attorney for Petitioner Carey T. Caldwell

28

LAW OFFICES OF
JOSEPH E. TOMASIK
THE STUDIO BUILDING
2039 SHATTUCK AVE.
SUITE 400
BERKELEY, CA 94704

                              1
                  Petition to Appoint an Arbitrator
   In Re Arbitration Between Caldwell and USAA Casualty Insurance Company

## PROOF OF SERVICE

I am a resident of the State of California over the age of eighteen years and am not a party to the within action. My business address is 2039 Shattuck Avenue, Suite 400, Berkeley, California 94704. On the date set forth below, I served the foregoing document described as:

## PETITION TO APPOINT AN ARBITRATOR

on the interested parties in this action as indicated below:

( )  **By Facsimile** (CCP§1012.5 <u>et seq.</u>): I caused said document(s) to be telecopied to each addressee's telecopier (fax) number before 5:00 p.m.

( )  **By Personal Service** (CCP §1011, <u>et seq.</u>): I personally delivered the listed document(s) to the person(s) or office of the person(s) set forth below.

(X)  **By Mail** (CCP §1013a, <u>et seq.</u>): I placed each listed document in a sealed envelope with postage thereon fully prepaid in the U.S. mail at Berkeley, California addressed as set forth below, following the ordinary practice at my place of business of collection and processing of mail. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Berkeley, California on March 9, 2005.

_____
Kim T. Do

LAW OFFICES OF
JOSEPH E. TOMASIK
THE STUDIO BUILDING
2039 SHATTUCK AVE.
SUITE 400
BERKELEY, CA 94704

# EXHIBIT 42

# Law Offices of Joseph E. Tomasik

The Studio Building
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

July 12, 2005

_Via facsimile & U.S. Mail_: *(415) 788-2926*

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

Re:   Claimant/Your Insured:   Carey T. Caldwell
      Reference Number:        13311516-7101-5-4242
      Date of Loss:            June 6, 2003

Dear Ms. Schafer:

I am writing to you regarding Dr. Schurman's deposition and the defense medical exam by Dr. Terrence McDonnell. As you may recall, Dr. Schurman testified that the "prosthesis shifted ... as a result of the automobile accident." Dr. Schurman stated that while Ms. Caldwell had external rotation of her right leg of 30 degrees, the maximum external rotation of her left leg was five degrees *short* of zero. This has caused Ms. Caldwell to be "pigeon-toed on her left side." Ms. Caldwell has stated that this has caused great difficulty walking, and she now frequently uses a cane. A nurse observer and I attended Dr. McDonnell's examination of Ms. Caldwell, and he conceded that Ms. Caldwell does not have normal external rotation of her left leg, and stated that her on-going problems in her left hip have caused a loss of strength and balance on her left leg that does not exist on her right leg. Given that it is not practical to attempt to realign Ms. Caldwell's prosthesis, this is a very significant deformity that will hamper Ms. Caldwell on a daily basis for the rest of her life.

While we believe this alone is sufficient to require tendering of the remainder of USAA's policy limits, there are other major problems that make it even more obvious this is a policy limits claim. Ms. Caldwell has gradually developed significant neck and shoulder pain as a result of using her cane, and this is clearly related to her left leg injuries from the collision. In addition, she has also developed significant urological problems since the collision, and has seen Dr. Jeffrey A. Wieder and is taking medication for this bladder incontinence. The medication is only partially successful, and her incontinence problems are very disruptive and embarrassing.

Probably most importantly, I have learned that Ms. Caldwell developed Reflex Sympathetic Dystrophy (Complex Regional Pain Syndrome) as a result of the collision, and I have enclosed the medical records of Nicole Barry, M.D. which indicate this. As you probably know, RSD (CRPS) is a horrible nerve dysfunction which is extremely painful and disabling, and often spreads to other parts of the body. While her symptoms may be "well managed," they are significant and permanent, as RSD is a condition which never fully resolves. At Dr.

Barbara Schafer, Esq.
July 12, 2005
Page 2

McDonnell's exam, we observed classic symptoms of RSD, which were hypersensitivity to touch (pain), skin discoloration, and coldness of the limb. As you are probably aware, RSD cases typically settle for millions of dollars, and I have enclosed two Verdict Search cases.

In _John Roe v. Roe Waste Company_, the plaintiff was a 29 year old city maintenance worker who injured his left hand, but did <u>not</u> have any fractures. His symptoms were very similar to Ms. Caldwell's – "constant pain above the wrist that progressed to include the entire left arm, left shoulder girdle and left neck and head." He was diagnosed with complex regional pain syndrome (RSD), and his case _settled_ for **four million dollars.**

In _Michelle "Shelly" Wasserman v. Pampered Chef, Ltd.,_ the plaintiff was a 57 year old woman who cut her hand when a ceramic baking dish broke in her hand. She had a product liability case in which the defendants denied liability. She had $90,000 in medical bills and no wage loss claim, was diagnosed with RSD (CRPS), and her case _settled_ for **$2.6 million dollars.**

Thus, it is painfully obvious that Ms. Caldwell's damages _vastly_ exceed the $300,000 policy limits, regardless of whether or not the femur fracture is related to the collision. Given that you said that USAA would almost certainly tender the policy limits if Dr. McDonnell found a significant shifting of Ms. Caldwell's prosthesis, it would be beyond unreasonable for USAA not to tender the remaining policy limits given all the other injuries, especially the RSD (CRPS). Ms. Caldwell is willing to leave her policy limits offer ($300,000 minus set-offs) open until July 19, 2005.

Thank you very much for your courtesy and cooperation in this matter.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph Tomasik

Joseph E. Tomasik

JET/kd
Enclosures
\caldwell\letters\schafer16 (07-12-05) re med issues.wpd

# EXHIBIT 43

LAW OFFICES OF
## VINCENT B. McLORG
USAA GENERAL COUNSEL DEPARTMENT
ONE POST STREET • SUITE 3500
SAN FRANCISCO, CALIFORNIA 94104-5239
(415) 788-1313
FAX (415) 788-2926

July 19, 2005

Joseph E. Tomasik, Esq.
LAW OFFICES OF JOSEPH E. TOMASIK
2039 Shattuck Avenue, Suite 400
Berkeley, CA 94704

Re:    *Caldwell/USAA UM/UIM Motorist Claim*
    County,
    Case No.

Dear Joe:

    This letter will serve as a follow up to our phone conversation yesterday that occurred following the conference call with judge Ballachey. As indicated, I am in receipt of the additional medical records, with the new diagnosis, that you forwarded. Also therein, you made a demand for the remaining $200,000 of policy limits. This new information needs to be reviewed by both USAA and Dr. McDonnell. Additionally, I will need Dr. McDonnell's IME report back and an opportunity to review it with USAA prior to being able to respond to your policy demand.

    Additionally, this will confirm that I am checking on the availability of my medical experts for the August 30, 2005 arbitration date, since it was set while I was out of town and before their availability was know. You indicated to Judge Ballachey that you understood this and would cooperate fully should a new arbitration date need to be set based on expert unavailability or the need for a further medical deposition based on the new medical information presented.

    Should this letter not accurately reflect our conversation, please contact me immediately so that we can discuss the matter further.

Very truly yours,

BARBARA B. SCHAFER

BBS/wga

cc: Charlton Leasure Litigation Manager USAA

# EXHIBIT 44

# Law Offices of Joseph E. Tomasik

**The Studio Building**
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

August 3, 2005

*Via facsimile & U.S. Mail:* (415) 788-2926

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

Re:  Claimant/Your Insured:   Carey T. Caldwell
     Reference Number:        13311516-7101-5-4242
     Date of Loss:            June 6, 2003

Dear Ms. Schafer:

I am responding to your July 19, 2005 letter. While I did agree to be reasonable regarding any requests for a continuance of the arbitration based on the discovery of Ms. Caldwell's RSD, this offer was contingent upon USAA making a good faith effort to expedite their evaluation of this 1 ½ year old claim. In our telephone conversation of July 18, 2005, you stated that you had not requested that Dr. McDonnell expedite his DME report, but you agreed to do so, and that you would send me a copy of his report as soon as you received it. I have not received a copy of that report, so I would greatly appreciate you investigating the status of that report. Based on nurse Diane Scheno's and my observations at the DME, it is absolutely clear to any reasonable person that Ms. Caldwell's damages vastly exceed the policy limits. Thus, Ms. Caldwell (USAA's insured) would greatly appreciate USAA tendering those limits as soon as possible, or at least providing an update as to the status of their claim evaluation and whether they intend to proceed to arbitration before Ms. Caldwell has to incur the costs of preparing for arbitration.

Thank you very much for your anticipated courtesy and cooperation in this matter.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph E. Tomasik

JET/vt

\caldwell\letters\schafer17 (07-12-05) re DME report

# EXHIBIT 45

# Law Offices of Joseph E. Tomasik

The Studio Building
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: **(510) 848-0500**
Facsimile: **(510) 848-0537**
Website: www.lawjt.com

August 12, 2005

_Via facsimile & U.S. Mail_: (415) 788-2926

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

|     |                        |                     |
| --- | ---------------------- | ------------------- |
| Re: | Claimant/Your Insured: | Carey T. Caldwell   |
|     | Reference Number:      | 13311516-7101-5-4242 |
|     | Date of Loss:          | June 6, 2003        |

Dear Ms. Schafer:

Since I have not heard from you since my August 3 letter, I presume that USAA is not going to respond to Ms. Caldwell's settlement offer, and that we will be proceeding to arbitration on August 30, 2005. In regard to the defense medical report of Dr. McDonnell, he has a well-known reputation as being a biased "hired gun" for insurance companies in third party cases, and his defense medical exam report lives up to that reputation. We believe that the duty of good faith and fair dealing required that USAA select a fair and unbiased doctor to examine Ms. Caldwell, but USAA elected not to retain such a doctor. Dr. McDonnell's contention that the misalignment of the femoral component should resolve in six to eight weeks is ludicrous, given the permanent nature of this kind of shifting of internal hardware and given that the misalignment has not changed in last two years.

I need to complete my questioning in Dr. Schurman's deposition, and I have contacted his counsel to request to arrange a time to do so. I will provide you with the available times and dates that we receive from his counsel so we can attempt to complete it at a mutually acceptable time. Regarding the arbitration, I would like to discuss the admissibility of documents that each side may be introducing at the arbitration so that we can attempt to resolve disputes beforehand and thus streamline the arbitration hearing. There is absolutely no evidence in the medical records that any of Ms. Caldwell's medical conditions from before the motor vehicle collision (brain tumor, Reynaud's Syndrome, Sjogren's Disease, etc.) or her use of alcohol caused her to fall at any time after the collision. Thus, these medical issues are private and irrelevant and inadmissible at the arbitration, and I request that you do not mention them or introduce any evidence regarding them until after I file a motion _in limine_ with the arbitrator. Likewise, her previous falls are also irrelevant and inadmissible, just like previous motor vehicle collisions are irrelevant in motor vehicle cases. When we discussed the issue of her previous falls, you stated that you intended to use her previous falls to impeach her, but since her previous falls are not relevant to any falls after the collision, such use of previous falls would be impeachment on a collateral issue and not permissible.

Barbara Schafer, Esq.
August 12, 2005
Page 2


In addition, while I will allow you to introduce evidence of the $100,000 settlement with USAA in the underlying claim, the UIM policy limits are irrelevant to the arbitrator's determination of the relevant issues in this case (liability, causation and damages), and thus such policy limits are inadmissible. Thus, I request that you refrain from mentioning the policy limits to the arbitrator until after he has ruled on my motion *in limine* to exclude any mention of them.

Thank you very much for your anticipated courtesy and cooperation in this matter.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph E. Tomasik

JET/vt

\caldwell\letters\schafer18 (08-12-05) re DME report

# EXHIBIT 46



**USAA CASUALTY INSURANCE COMPANY**
P.O. Box 659462, San Antonio, TX  78265

JOSEPH E TOMASIK, ESQ
THE STUDIO BLDG
2039 SHATTUCK AVE.,STE 400
BERKELEY CA 94704

August 18, 2005

Policyholder:  Carey T. Caldwell
Reference Number:  13311516-7101-5-4242
Date Of Loss:  June 6, 2003
Loss Location:  Oakland, California
Your Client:    Carey Caldwell

Dear Mr Tomasik:

Per our phone conversaton of August 17, 2005.  After a great deal of discussion, taking
everything into consideration, liability, pre-existing conditions, RSD, our offer to settle your
client's UIM is $50,000, new money.

Sincerely,

Charlton R.Leasure
Litigation Manager
USAA Western Regional Office
Phone:  1-800-531-8222  EXT: 52836
Fax Phone:  1-877-534-5400

cc:     BARBARA SCHAFER

13311516 - 5 - CA - 06/06/03 - 4242 - 14 - A200

# EXHIBIT 47

# Law Offices of Joseph E. Tomasik

The Studio Building
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

September 22, 2005

*Via facsimile & U.S. Mail*: (415) 788-2926

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

Re:     Claimant/Your Insured:     Carey T. Caldwell
        Reference Number:          13311516-7101-5-4242
        Date of Loss:              June 6, 2003

Dear Ms. Schafer:

While we initially agreed to wait until tomorrow to exchange arbitration briefs, I do not want to wait until Monday as you requested. I am entitled to know your contentions with sufficient time before the arbitration hearing, especially in a first party claim such as this, and briefs were technically to be exchanged yesterday. You stated that your brief was essentially finished, but you wanted to wait until after the conclusion of Dr. Schurman's deposition in the event that you need to revise it in response to his testimony before you provided it to the arbitrator. I must insist that we exchange briefs by <u>fax</u> by **Noon tomorrow, September 23, 2005.** If you want to send me a draft and reserve the right to amend your brief before you submit it to the arbitrator, I am willing to agree to that.

I also renew my request that you provide me with the hand-written medical note of a July 28, 2003 telephone call regarding a fall of Ms. Caldwell's, as well as identity the health care provider or person who allegedly wrote the note, or I will object to it's introduction at the arbitration.

Thank you very much for your anticipated courtesy and cooperation in this matter.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph E. Tomasik

JET:vt
\caldwell\letters\schafer20 (08-26-05) re arb briefs

# EXHIBIT 48

# Law Offices of Joseph E. Tomasik

The Studio Building
2039 Shattuck Ave., Suite 400
Berkeley, California 94704

Telephone: (510) 848-0500
Facsimile: (510) 848-0537
Website: www.lawjt.com

September 30, 2005

*Via facsimile & U.S. Mail*: (415) 788-2926

Barbara Schafer, Esq.
Law Offices of Vincent B. McLorg
One Post Street, Suite 3500
San Francisco, CA 94104

Re:    Claimant/Your Insured:    Carey T. Caldwell
        Reference Number:         13311516-7101-5-4242
        Date of Loss:             June 6, 2003

Dear Ms. Schafer:

I am writing to you to request that USAA reconsider it's position and offer the remaining $200,000 of policy limits to settle this claim. After Dr. Schurman's first deposition on June 13, 2005, you told me that if Dr. McDonnell found during his exam of Ms. Caldwell that she had significant shifting of her hip prosthesis, then USAA would certainly pay the remaining policy limits. Not only did Dr. McDonnell find significant shifting of the hip prosthesis, he called it a "deformity," and concluded that it was caused by the subject collision. Nonetheless, USAA still refused to offer the remaining policy limits.

Then Dr. McDonnell testified *under oath* at the arbitration this Wednesday that he has completely changed his opinion regarding this issue, and that he suddenly believes that the collision did <u>not</u> cause the misalignment. He went even further, stating that it would have been "impossible" for the collision to have caused the misalignment. When asked when he changed his opinion, he said it was at the arbitration hearing on September 28, 2005. He also testified that this was not based on any new information or speaking with you or anyone else, but only because he "thought about it some more." This is beyond absurd – you know it, I know it, and I am sure that Judge Ballachey knows it. Moreover, Dr. Hoddick's testimony is completely impeached by the findings of Dr. McDonnell and other portions of Dr. Hoddick's own testimony.

The shifting of the prosthesis alone justifies at least $300,000 in damages. Given that <u>all</u> of the medical records clearly indicate that progressively worsening pain from the collision caused the fall, there should be no possible way that USAA can prove that the collision was not more than a remote or trivial factor in any falls that allegedly caused the femur fracture. The femur fracture justifies at least another $300,000 in total damages. If USAA is wise, they will cut their losses and resolve this case for the remaining $200,000 policy limits before we have to do our closing arguments and Ms. Caldwell obtains an award significantly in excess of the policy limits. It appears to me that you believe that Ms. Caldwell's prior falls and medical problems greatly help your case. I believe that they actually help Ms. Caldwell's case, making her the quintessential "eggshell" plaintiff, and making it more likely that pain from the collision was a factor in her falls.

Barbara Schafer, Esq.
September 30, 2005
Page 2

If USAA continues to refuse to tender the remaining policy limits, I request that you agree to allow physical therapist Dennis Morgan to testify next Friday, since Dr. McDonnell took the liberty of interpreting Mr. Morgan's hand-written medical record notes at the arbitration. Please let me know by October 3, 2005 whether you are willing to so agree. If not, I will request that Judge Ballachey allow me to call Mr. Morgan as a witness, and of course send you a copy of my request. Given that Dr. McDonnell changed his opinion without notice and took the liberty of interpreting Mr. Morgan's hand-writing, I am confident that Judge Ballachey would grant such a request, so hopefully we can resolve this issue informally.

Thank you very much for your anticipated courtesy and cooperation in this matter.

Very truly yours,

LAW OFFICES OF JOSEPH E. TOMASIK

Joseph Tomasik

Joseph E. Tomasik

JET:vt
\caldwell\letters\schafer22 (9-30-05) re arb briefs