RICARDO ECHEVERRIA #166049
**SHERNOFF BIDART & DARRAS, LLP**
600 South Indian Hill Boulevard
Claremont, CA 91711
Telephone: (909) 621-4935
Facsimile: (909) 625-6915

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CAREY T. CALDWELL | Case No.: C 07-03712 WDB |
|---|---|
| Plaintiff, | JOINT RULE 26 REPORT |
| vs. | SCHEDULING CONFERENCE:<br>Date:         October 22, 2007 |
| USAA CASUALTY INSURANCE COMPANY; and DOES 1-100, inclusive, | Time:         4:00 p.m.<br>Courtroom:   4<br>Magistrate: Hon. Wayne D. Brazil |
| Defendants. | |

TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to Federal Rule of Civil Procedure 26(f), the following is a report regarding the Conference of the Parties held on September 25, 2007 between Ricardo Echeverria of Shernoff Bidart & Darras, LLP, on behalf of plaintiff CAREY T. CALDWELL and Mark G. Bonino of Hayes Davis Bonino Ellingson McLay & Scott, LLP on behalf of defendant USAA CASUALTY INSURANCE COMPANY.

On the above given date, the parties conferred to consider the nature and

basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning the following:

## 1.
## NATURE AND BASIS OF CLAIMS AND DEFENSES

**A.   Subject matter jurisdiction**: The basis for subject matter jurisdiction in this removed diversity action is that it is an action between a Plaintiff resident of California and a Defendant corporation incorporated under the laws of the State of Texas with its principal place of business in the San Antonio, Texas. At the time of the removal, there was complete diversity of citizenship at all times. The amount in controversy is and at all times has been in excess of $75,000.00.

**B.   Concise statement of factual and legal basis of the claims and defenses**:

**(1)   Plaintiff's Statement**: The plaintiff in this action is Carey T. Caldwell, was involved in an automobile collision on June 6, 2003, in which she was violently struck by an SUV driven by Gwendolyn Harrison, also a USAA insured. As a result of the injuries sustained, Ms. Caldwell filed a personal injury lawsuit against Ms. Harrison the Alameda County Superior Court.

Ms. Caldwell eventually was diagnosed with a fractured femur which required reconstructive surgery, and misalignment of the prosthesis in her left leg. She sustained over $110,000 in medical bills and over $53,000 in wage loss.

On December 31, 2003, Ms. Caldwell settled with driver Ms. Harrison for her $100,000 policy limits with USAA. At the time of the subject collision, Ms. Caldwell had Underinsured Motorist (UIM) coverage, also with USAA, with policy limits of $300,000.

On February 19, 2004, Ms. Caldwell submitted an offer to USAA to settle her UIM claim for the remaining $300,000 policy limits less a $100,000

offset for the settlement of the earlier claim against Ms. Harrison. USAA refused to offer any UIM benefits whatsoever, and engaged in a multitude of bad faith tactics which included many protracted delays, including an arbitration that was not completed until nearly two years later. After numerous delays in investigating Ms. Caldwell's claim, USAA finally offered $50,000 new money shortly before arbitration; however, Ms. Caldwell did not accept that offer and proceeded to arbitration which resulted in Ms. Caldwell obtaining an award of $355,110.97.

Ms. Caldwell hired counsel, Joseph E. Tomasik, to represent her. As a result, Ms. Caldwell sustained significant economic damages as a result of USAA's bad faith conduct, including litigation costs of $17,516.59 and attorneys' fees of $97,412.25. In addition, Ms. Caldwell sustained additional and substantial non-economic damages as a result of USAA's bad faith conduct. Plaintiff is also seeking .

(2) **Defendant's Statement**: Long before the June 3, 2003 accident, Ms. Caldwell had an extensive history of leg and hip problems. She sustained a hip fracture in a previous automobile accident, had a total hip replacement in 1998 and underwent surgery for a revision in March of 2003 – just three months before the accident.

X-rays taken on the date of the accident and six weeks later did not reveal any fractures. There was a significant issue regarding whether the fracture in question was the result of the June 2003 accident or caused by a post-July 22, 2003 fall.

During the underinsured motorist claim process there were difficulties in procuring some of the important medical information. Depositions were delayed due to the conduct of Ms. Caldwell's counsel in the underlying claim.

There was, in other words, a genuine dispute regarding the existence and the value of the underinsured motorist claim in excess of the claim on the policy against the adverse driver.

JOINT RULE 25 REPORT

1  **C.   Estimate of court days required to present case-in-chief.** The
2  parties estimate that the Trial will last 15-20 days.
3  **D.   Jury or non-jury trial.** Plaintiff and defendant are demanding a jury
4  trial.
5  **E.   Trial counsel.** Ricardo Echeverria of SHERNOFF, BIDART &
6  DARRAS LLP will try the case for plaintiff. Mark G. Bonino of HAYES DAVIS
7  BONINO ELLINGSON MCLAY & SCOTT, LLP will try the case for defendant.

## 2.
## SETTLEMENT

In accordance with FRCP 26(c) and L.R. 16-14, the parties elect to participate and use the following special procedures to assist in resolving the dispute as authorized by statute or local rule:

**A.   Plaintiff Selects Settlement Procedure** [Non-judicial dispute resolution proceeding FRCP 16 & L.R. 16-14.4.] Plaintiff agrees to participate in an early, non-judicial dispute resolution proceeding. The parties have discussed possibly using the mediation services of a mutually agreeable mediator to be selected by the parties.

**B.   Defendant Selects Settlement Procedure** [Non-judicial dispute resolution proceeding FRCP 16 & L.R. 16-14.4.] Defendant agrees to participate in an early, non-judicial dispute resolution proceeding. The parties have discussed possibly using the mediation services of a mutually agreeable mediator to be selected by the parties.

**C.**   With respect to prospects of settlement, the parties agree to a February 15, 2008 deadline to complete the non-judicial dispute resolution proceeding.

## 3.
## FRCP 26(a) - DISCLOSURES

**A.   Initial Disclosures:** During the FRCP 26(f) Conference of the Parties, it was agreed that, on October 15, 2007, the parties would file this Joint

1  Report with the court in accordance with FRCP 26(f) and, by stipulation between
2  the parties, provide to the other parties by November 7, 2007, in their respective
3  Initial Disclosures the following:
4      (1) the name and, if known, the address and telephone number of each
5  individual likely to have discoverable information that the disclosing party may use
6  to support its claims or defenses, unless solely for impeachment, identifying the
7  subjects of the information;
8      (2) a copy of, or a description by category and location of, all
9  documents; data compilations, and tangible things that are in the possession,
10  custody, or control of the party and that the disclosing party may use to support its
11  claims or defenses, unless solely for impeachment;
12      (3) a computation of any category of damages claimed by the
13  disclosing party, making available for inspection and copying as under Rule 34 the
14  documents or other evidentiary material, not privileged or protected from
15  disclosure, on which such computation is based, including materials bearing on the
16  nature and extent of injuries suffered; and
17      (4) for inspection and copying as under Rule 34 any insurance
18  agreement under which any person carrying on an insurance business may be liable
19  to satisfy part or all of a judgment which may be entered in the action or to
20  indemnify or reimburse for payments made to satisfy the judgment.
21      **B.**    **Expert Disclosures:** During the FRCP 26(f) Conference of the
22  Parties, it was agreed the experts would be disclosed under the procedure outlined
23  in California Code of Civil Procedure section 2034.210 (at least 50 days before the
24  trial date and supplemental disclosures at least 30 days before trial).
25      **4.**
26      **DISCOVERY PLAN**
27      **A.**    The parties believe that the subjects on which discovery may be
28  needed are:

  **(1) Per Plaintiff:** Subject to receiving the claim file in this matter from defendant, plaintiff anticipates taking the depositions of defendant adjusters; the person(s) most knowledgeable regarding the investigation and evaluation of plaintiff's claim; and the person(s) most knowledgeable regarding the review and/or evaluation of plaintiff's claim. Plaintiff also intends to propound multiple sets of Form and Special Interrogatories, Requests for Admission, and Requests for Production of Documents, as well as to serve multiple subpoenas for the production of records from various third party custodians of record.

  **(2) Per Defendant:** Defendant anticipates receiving the documents from plaintiff and from the attorney representing plaintiff in the underlying claim. The defendant will then proceed to depose various witnesses relating to the pursuit of the underlying uninsured motorist claim, including the deposition of the counsel for plaintiff in the underlying case (Mr. Tomasik) and plaintiff herself.

  Defendant also plans to submit multiple sets of interrogatories and requests for admission as well as requests for production of documents and subpoenas from third-party witnesses.

  **B.** Plaintiff contends that discovery should not be conducted in phases. Specifically, defendant intends on bringing a motion in limine as to whether they can go behind the judgment and conduct discovery as to the allegations contained in the underlying complaint. Plaintiff contends that discovery pertaining to this issue should be conducted following the court's ruling on this issue. Plaintiff contends that the parties should presently move forward with the discovery as it relates to the allegations of bad faith.

  Defendant contends that the discovery should <u>not</u> proceed in phases (with the exception of punitive damages discovery) and that defendant should be allowed to discovery facts of the underlying case that are inextricably interwoven with the facts of the underinsured motorist claim. Discovery on both the investigation, delay and alleged breach of the implied covenant issues should

1  proceed forward together.
2         Any issues regarding the admissibility of the particular items of
3  evidence can be resolved by the Court at a later time.
4       C.   The parties agree that this case is not complex, and that the Manual
5  for Complex Litigation should not be utilized.
6       D.   The parties agree that discovery should be limited to or focused upon
7  the particular issues reasonably related to the claims and defenses advanced by the
8  parties, that no changes should be made in the limitations on discovery imposed by
9  the FRCP or by Local Rule, and that no other limitations on discovery should be
10 imposed.
11      E.   The parties anticipate that they will be better able to formulate and
12 simplify the issues and eliminate any frivolous claims or defenses prior to the date
13 set for trial.
14      F.   The parties anticipate that they will be better able to obtain admissions
15 of fact and of documents which will avoid unnecessary proof, stipulations
16 regarding the authenticity of documents, and advance rulings from the court on the
17 admissibility of evidence, during discovery and prior to the date set for trial.
18      G.   The parties do not elect to have the trial on this matter referred to a
19 Magistrate Judge or Master pursuant to Title 28 United States Code, Section 636(c)
20 and the Local Magistrate Judge's Rule 6.6.  <u>Plaintiff reports that he has discussed
21 this with his counsel and does not at this time wish to consent to this procedure.
22 Defendant reports that this subject has been discussed with its outside counsel and
23 that they do not wish at this time to consent to this procedure.</u>
24      H.   No major procedural or evidentiary problems are currently anticipated
25 by the parties.
26      I.   Pursuant to L.R. 26-4, exhibits shall be identified, numbered, and
27 listed in numerical order.  Therefore, the parties agree that Plaintiff shall utilize
28 <u>Exhibit Nos. 1- 1000</u>, and Defendant shall utilize <u>Exhibit Nos. 1001 - 5000</u>, when

1 identifying, numbering, and listing exhibits, including those exhibits identified and
2 numbered during depositions.
3     **J.** The parties agree that the Court should enter a scheduling order that
4 limits the time for:
5     **(1) Rule 16(b)** - Joining other parties and amending the pleadings:
6 Plaintiff and Defendant agree and propose <u>90 days after the scheduling conference,</u>
7 as last day to file motions for such relief;
8     **(2) Rule 16(b) - Completing Discovery:** As this matter is
9 currently in the preliminary stages of discovery, the parties anticipate that
10 Discovery should be completed by July 31, 2008.
11     **(3) Rule 16(b) - Filing motions:** Plaintiff and Defendant agree
12 and propose that all Pretrial Motions other than Motions In Limine be filed no later
13 than August 31, 2008;
14     **(4) Rule 16(b) - Setting Pre-Trial Conference and Trial dates:**
15 The parties agree that the Pre-Trial Conference (PTC) should be set for a date in
16 September 2008, with a deadline of August 1, 2008 to meet and confer regarding
17 the pretrial conference issues. The parties agree to an August 31, 2008 deadline
18 for filing pretrial conference materials. Trial should be set for a date in late
19 October of 2008.

## CIVIL L.R. 16-10

21     **A.** The parties agree to a deadline of September 15, 2008 to file trial
22 exhibits.
23     **B.** The parties agree to a deadline of September 15, 2008 to serve and file
24 trial briefs and excerpts of deposition transcripts to be used at time of trial.
25     **C.** The parties agree to a deadline of September 30, 2008 to meet and
26 confer regarding any objections to the opposing party's trial exhibits.
27 / / /
28 / / /

**5.**

## MOTIONS

**(That may be dispositive or partially dispositive)**

A.  The parties believe that the subjects on which motions may be made:

    **(1)** Plaintiff may bring a Motion for Partial Summary Judgment.

    **(2)** Defendant will bring a motion or motions regarding the "genuine issue" doctrine, on the malice issue and the punitive damages. As well as a motion regarding the propriety of a breach of the implied covenant action following the defendant's pursuit of the statutorily prescribed arbitration remedy for resolution of disagreement in uninsured motorist and underinsured motorist claims.

Dated: October 15, 2007         SHERNOFF BIDART & DARRAS, LLP

_____
RICARDO ECHEVERRIA
Attorney for Plaintiff

Dated: October 15, 2007         HAYES DAVIS BONINO ELLINGSON
                                MCLAY & SCOTT, LLP

/s/ _____
MELISSA A. WURSTER
Attorney for Defendant

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 600 South Indian Hill Boulevard, Claremont, California 91711.

On October 15, 2007, I served the foregoing document described as: **JOINT RULE 26 REPORT** on all interested parties in this action by placing [ ] the original [XX] a true copy thereof enclosed in sealed envelopes addressed as follows:

**See Attached List**

[XX] BY MAIL
I caused such envelope to be deposited in the mail at Claremont, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[ ] BY PERSONAL SERVICE
I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto. A proof of service executed by the delivery person will be mailed under separate cover.

[ ] BY OVERNIGHT MAIL/COURIER
To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[ ] BY FACSIMILE ("FAX")
In addition to the manner of proof of service indicated above, a copy was sent by FAX to the above-listed party.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on **October 15, 2007**, at Claremont, California.

*/s/ Karen A. Wolack*
KAREN A. WOLACK

*Caldwell v. USAA*
Case No.: WG 07327137

## SERVICE LIST

| | |
|---|---|
| Melissa A. Wurster, Esq.<br>HAYES DAVIS BONINO ELLINGSON McLAY<br>& SCOTT<br>203 Redwood Shores Parkway, Suite 480<br>Redwood Shores, CA 94065<br>(650) 637-9100<br>FAX: (650) 637-8071 | Attorneys for Defendant<br>USAA CASUALTY INSURANCE<br>COMPANY |
| Joseph E. Tomasik, Esq.<br>LAW OFFICES OF JOSEPH E. TOMASIK<br>The Studio Building<br>2039 Shattuck Avenue, Suite 400<br>Berkeley, CA 94704<br>(510) 848-0500<br>Fax: (510) 848-0537 | Co-Counsel for Plaintiff<br>CAREY CALDWELL |