1  RICARDO ECHEVERRIA #166049
2  **SHERNOFF BIDART & DARRAS, LLP**
3  600 South Indian Hill Boulevard
   Claremont, CA 91711
4  Telephone: (909) 621-4935
5  Facsimile: (909) 625-6915

6  Attorney for Plaintiff

7
   MARK G. BONINO (SBN 70215)
8  **HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP**
9  203 Redwood Shores Parkway, Suite 480
   Redwood City, CA 94065
10 Telephone: (650) 637-9100
11 Facsimile: (650) 637-8071

12
   Attorneys for Defendant
13 USAA CASUALTY INSURANCE COMPANY

14

15            UNITED STATES DISTRICT COURT
16
              NORTHERN DISTRICT OF CALIFORNIA
17

| 18 | CAREY T. CALDWELL | Case No.: C 07-03712 SBA |
|---|---|---|
| 19 | Plaintiff, | JOINT RULE 26 REPORT AND JOINT CASE MANAGEMENT STATEMENT |
| 20 | | |
| 21 | vs. | |
| 22 | USAA CASUALTY INSURANCE COMPANY; and DOES 1-100, inclusive, | CASE MANAGEMENT CONFERENCE: |
| 23 | | Date: December 6, 2007 |
| 24 | | Time: 3:30 p.m. |
| 25 | Defendants. | Courtroom: Telephonic |
| 26 | | |
| 27 | | Hon. Saundra Brown Armstrong |
| 28 | | |

JOINT RULE 26 REPORT AND JOINT CASE MANAGEMENT STATEMENT

TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to Federal Rule of Civil Procedure 26(f), the following is a report regarding the Conference of the Parties held on September 25, 2007 between Ricardo Echeverria of Shernoff Bidart & Darras, LLP, on behalf of plaintiff CAREY T. CALDWELL and Mark G. Bonino of Hayes Davis Bonino Ellingson McLay & Scott, LLP on behalf of defendant USAA CASUALTY INSURANCE COMPANY. Following the reassignment, counsel modified the dates specified in the Joint Report.

On the above given date, the parties conferred to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning the following:

### 1.
### NATURE AND BASIS OF CLAIMS AND DEFENSES

**A.  Subject matter jurisdiction**: The basis for subject matter jurisdiction in this removed diversity action is that it is an action between a Plaintiff resident of California and a Defendant corporation incorporated under the laws of the State of Texas with its principal place of business in the San Antonio, Texas. At the time of the removal, there was complete diversity of citizenship at all times. The amount in controversy is and at all times has been in excess of $75,000.00.

**B.  Concise statement of factual and legal basis of the claims and defenses:**

(1)  **Plaintiff's Statement**: The plaintiff in this action is Carey T. Caldwell, was involved in an automobile collision on June 6, 2003, in which she was violently struck by an SUV driven by Gwendolyn Harrison, also a USAA insured. As a result of the injuries sustained, Ms. Caldwell filed a personal injury

1  lawsuit against Ms. Harrison the Alameda County Superior Court.

2  Ms. Caldwell eventually was diagnosed with a fractured femur which
3  required reconstructive surgery, and misalignment of the prosthesis in her left leg.
4  She sustained over $110,000 in medical bills and over $53,000 in wage loss.

5  On December 31, 2003, Ms. Caldwell settled with driver Ms. Harrison
6  for her $100,000 policy limits with USAA. At the time of the subject collision,
7  Ms. Caldwell had Underinsured Motorist (UIM) coverage, also with USAA, with
8  policy limits of $300,000.

9  On February 19, 2004, Ms. Caldwell submitted an offer to USAA to
10 settle her UIM claim for the remaining $300,000 policy limits less a $100,000
11 offset for the settlement of the earlier claim against Ms. Harrison. USAA refused
12 to offer any UIM benefits whatsoever, and engaged in a multitude of bad faith
13 tactics which included many protracted delays, including an arbitration that was
14 not completed until nearly two years later. After numerous delays in investigating
15 Ms. Caldwell's claim, USAA finally offered $50,000 new money shortly before
16 arbitration; however, Ms. Caldwell did not accept that offer and proceeded to
17 arbitration which resulted in Ms. Caldwell obtaining an award of $355,110.97.

18 Ms. Caldwell hired counsel, Joseph E. Tomasik, to represent her. As
19 a result, Ms. Caldwell sustained significant economic damages as a result of
20 USAA's bad faith conduct, including litigation costs of $17,516.59 and attorneys'
21 fees of $97,412.25. In addition, Ms. Caldwell sustained additional and substantial
22 non-economic damages as a result of USAA's bad faith conduct. Plaintiff is also
23 seeking damages for her emotional distress and punitive damages.

24 **(2)    Defendant's Statement:** Long before the June 3, 2003
25 accident, Ms. Caldwell had an extensive history of leg and hip problems. She
26 sustained a hip fracture in a previous automobile accident, had a total hip
27 replacement in 1998 and underwent surgery for a revision in March of 2003 – just
28 three months <u>before</u> the accident.

1    X-rays taken on the date of the accident and six weeks later did not
2 reveal any fractures. There was a significant issue regarding whether the fracture
3 in question was the result of the June 2003 accident or caused by a post-July 22,
4 2003 fall.
5    During the underinsured motorist claim process there were difficulties
6 in procuring some of the important medical information. Depositions were
7 delayed due to the conduct of Ms. Caldwell's counsel in the underlying claim.
8    There was, in other words, a genuine dispute regarding the existence
9 and the value of the underinsured motorist claim in excess of the claim on the
10 policy against the adverse driver.
11    **C.   Estimate of court days required to present case-in-chief.** The
12 parties estimate that the Trial will last 15-20 days.
13    **D.   Jury or non-jury trial.** Plaintiff and defendant are demanding a jury
14 trial.
15    **E.   Trial counsel.** Ricardo Echeverria of SHERNOFF, BIDART &
16 DARRAS LLP will try the case for plaintiff. Mark G. Bonino of HAYES DAVIS
17 BONINO ELLINGSON MCLAY & SCOTT, LLP will try the case for defendant.

## 2.

## SETTLEMENT

In accordance with FRCP 26(c) and L.R. 16-14, the parties elect to participate and use the following special procedures to assist in resolving the dispute as authorized by statute or local rule:

   **A.   Plaintiff Selects Settlement Procedure** [Non-judicial dispute resolution proceeding FRCP 16 & L.R. 16-14.4.] Plaintiff agrees to participate in an early, non-judicial dispute resolution proceeding. The parties have discussed possibly using the mediation services of a mutually agreeable mediator to be selected by the parties.

///

    **B.**    **Defendant Selects Settlement Procedure** [Non-judicial dispute resolution proceeding FRCP 16 & L.R. 16-14.4.] Defendant agrees to participate in an early, non-judicial dispute resolution proceeding. The parties have discussed possibly using the mediation services of a mutually agreeable mediator to be selected by the parties.

    **C.**    With respect to prospects of settlement, the parties agree to a March 1, 2008 deadline to complete the non-judicial dispute resolution proceeding.

### 3.
### FRCP 26(a) - DISCLOSURES

    **A.**    **Initial Disclosures:** During the FRCP 26(f) Conference of the Parties, it was agreed that, on October 15, 2007, the parties would file the original Joint Report with the court in accordance with FRCP 26(f) and, by stipulation between the parties, provide to the other parties by December 20, 2007, in their respective Initial Disclosures the following:

(1) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(2) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(3) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

///

JOINT RULE 26 REPORT AND JOINT CASE MANAGEMENT STATEMENT

1  (4) for inspection and copying as under Rule 34 any insurance
2  agreement under which any person carrying on an insurance business may be liable
3  to satisfy part or all of a judgment which may be entered in the action or to
4  indemnify or reimburse for payments made to satisfy the judgment.

5  **B.   Expert Disclosures:** During the FRCP 26(f) Conference of the
6  Parties, it was agreed the experts would be disclosed under the procedure outlined
7  in California Code of Civil Procedure section 2034.210 (at least 50 days before the
8  trial date and supplemental disclosures at least 30 days before trial).

9  **4.**

10  **DISCOVERY PLAN**

11  A.   The parties believe that the subjects on which discovery may be
12  needed are:
13  (1)   **Per Plaintiff:** Subject to receiving the claim file in this
14  matter from defendant, plaintiff anticipates taking the depositions of defendant
15  adjusters; the person(s) most knowledgeable regarding the investigation and
16  evaluation of plaintiff's claim; and the person(s) most knowledgeable regarding the
17  review and/or evaluation of plaintiff's claim. Plaintiff also intends to propound
18  multiple sets of Form and Special Interrogatories, Requests for Admission, and
19  Requests for Production of Documents, as well as to serve multiple subpoenas for
20  the production of records from various third party custodians of record.
21  (2)   **Per Defendant:** Defendant anticipates receiving the documents
22  from plaintiff and from the attorney representing plaintiff in the underlying claim.
23  The defendant will then proceed to depose various witnesses relating to the pursuit
24  of the underlying uninsured motorist claim, including the deposition of the counsel
25  for plaintiff in the underlying case (Mr. Tomasik) and plaintiff herself.
26  Defendant also plans to submit multiple sets of interrogatories and
27  requests for admission as well as requests for production of documents and
28  subpoenas from third-party witnesses.

    B.    Plaintiff contends that discovery should not be conducted in phases.

           Defendant contends that the discovery should <u>not</u> proceed in phases (with the exception of punitive damages discovery) and that defendant should be allowed to discover facts of the underlying case that are inextricably interwoven with the facts of the underinsured motorist claim. Discovery on both the investigation, delay and alleged breach of the implied covenant issues should proceed forward together.

           Any issues regarding the admissibility of the particular items of evidence can be resolved by the Court at a later time.

    C.    The parties agree that this case is not complex, and that the Manual for Complex Litigation should not be utilized.

    D.    The parties agree that discovery should be limited to or focused upon the particular issues reasonably related to the claims and defenses advanced by the parties, that no changes should be made in the limitations on discovery imposed by the FRCP or by Local Rule, and that no other limitations on discovery should be imposed.

    E.    The parties anticipate that they will be better able to formulate and simplify the issues and eliminate any frivolous claims or defenses prior to the date set for trial.

    F.    The parties anticipate that they will be better able to obtain admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence, during discovery and prior to the date set for trial.

    G.    The parties do not elect to have the trial on this matter referred to a Magistrate Judge or Master pursuant to Title 28 United States Code, Section 636(c) and the Local Magistrate Judge's Rule 6.6. <u>Plaintiff reports that he has discussed this with his counsel and does not at this time wish to consent to this procedure. Defendant reports that this subject has been discussed with its outside counsel and</u>

1  that they do not wish at this time to consent to this procedure.

2      **H.**    No major procedural or evidentiary problems are currently anticipated
3  by the parties.

4      **I.**    Pursuant to L.R. 26-4, exhibits shall be identified, numbered, and
5  listed in numerical order. Therefore, the parties agree that Plaintiff shall utilize
6  Exhibit Nos. 1- 1000, and Defendant shall utilize Exhibit Nos. 1001 - 5000, when
7  identifying, numbering, and listing exhibits, including those exhibits identified and
8  numbered during depositions.

9      **J.**    The parties agree that the Court should enter a scheduling order that
10 limits the time for:

11     **(1)**    **Rule 16(b)** - Joining other parties and amending the pleadings:
12 Plaintiff and Defendant agree and propose 90 days after the scheduling conference,
13 as last day to file motions for such relief;

14     **(2)**    **Rule 16(b) - Completing Discovery:** As this matter is
15 currently in the preliminary stages of discovery, the parties anticipate that
16 Discovery should be completed by July 31, 2008.

17     **(3)**    **Rule 16(b) - Filing motions:** Plaintiff and Defendant agree
18 and propose that all Pretrial Motions other than Motions In Limine be filed no later
19 than August 31, 2008;

20     **(4)**    **Rule 16(b) - Setting Pre-Trial Conference and Trial dates:**
21 The parties agree that the Pre-Trial Conference (PTC) should be set for a date in
22 September 2008, with a deadline of August 1, 2008 to meet and confer regarding
23 the pretrial conference issues. The parties agree to an August 31, 2008 deadline
24 for filing pretrial conference materials. Trial should be set for a date in late
25 October of 2008.

26                         **CIVIL L.R. 16-10**

27     **A.**    The parties agree to a deadline of September 15, 2008 to file trial
28 exhibits.

1     **B.**    The parties agree to a deadline of September 15, 2008 to serve and file trial briefs and excerpts of deposition transcripts to be used at time of trial.

    **C.**    The parties agree to a deadline of September 30, 2008 to meet and confer regarding any objections to the opposing party's trial exhibits.

### 5.
### MOTIONS
**(That may be dispositive or partially dispositive)**

    **A.**    The parties believe that the subjects on which motions may be made:

    (1)    Plaintiff may bring a Motion for Partial Summary Judgment.

    (2)    Defendant will bring a motion or motions regarding the "genuine issue" doctrine, on the malice issue and the punitive damages. As well as a motion regarding the propriety of a breach of the implied covenant action following the defendant's pursuit of the statutorily prescribed arbitration remedy for resolution of disagreement in uninsured motorist and underinsured motorist claims.

Dated: November 21, 2007    SHERNOFF BIDART & DARRAS, LLP

_____
RICARDO ECHEVERRIA
Attorneys for Plaintiff

Dated: November 21, 2007    HAYES DAVIS BONINO ELLINGSON MCLAY & SCOTT, LLP

_____
MARK G. BONINO
Attorneys for Defendant

*Carey Caldwell v. USAA*
Case No.: CV 07-03712 SBA

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 600 South Indian Hill Boulevard, Claremont, California 91711.

On **November 21, 2007**, I served the foregoing document described as **JOINT RULE 26 REPORT AND JOINT CASE MANAGEMENT STATEMENT** on the following interested parties in this action:

**PLEASE SEE ATTACHED SERVICE LIST**

[XX] BY MAIL I deposited the envelopes with U.S. postal service on that same day with postage thereon fully prepaid at Claremont, California.

[] BY E-MAIL I forwarded copies of the above-noted document to all parties via e-mail using the internet.

[] BY FACSIMILE ("FAX") In addition to the manner of service indicated above, a copy was sent by FAX.

[] OVERNIGHT To expedite delivery, a copy was sent by FEDERAL EXPRESS to the individuals indicated on the attached service list.

[] BY PERSONAL SERVICE I caused such document to be hand-delivered to the individuals listed below.

[XX] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[XX] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 21, 2007,** at Claremont, California.

DEBBIE HUNTER

*Caldwell v. USAA*
Case No.: CV 07-03712 SBA

## SERVICE LIST

Melissa A. Wurster, Esq.
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT
203 Redwood Shores Parkway, Suite 480
Redwood Shores, CA  94065
(650) 637-9100
FAX: (650) 637-8071

Attorneys for Defendant
USAA CASUALTY INSURANCE COMPANY

Joseph E. Tomasik, Esq.
LAW OFFICES OF JOSEPH E. TOMASIK
The Studio Building
2039 Shattuck Avenue, Suite 400
Berkeley, CA  94704
(510) 848-0500
Fax:  (510) 848-0537

Co-Counsel for Plaintiff
CAREY CALDWELL